IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:09-CV-2012-KOB |
| v. | ) | |
| | ) | |
| $10,000.00 in UNITED STATES | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## *MEMORANDUM OPINION*

This matter is before the court on the United States' Motion for Summary Judgment

(Doc. 12).  For the reasons stated below, the court finds that the Motion is due to be **GRANTED**.

## BACKGROUND

On April 30, 2009, a drug-detection dog at a Federal Express facility in Birmingham,

Alabama, alerted to a FedEx package bearing air bill number 8683 7180 8193 (the "package").

(Doc. 12, *Ex. A* (Verified Compl.) ¶ 5(a).[1])  The listed shipper of the package was Mike Phan,

AKA Huynh Phan, who appeared to have a Kansas City Address.  (*Id., Ex. A* ¶ 5(a).)  The listed

recipient of the package was Huy Tran, who had a Birmingham address.  (*Id., Ex. A* ¶ 5(a).*)*

After the drug-detection dog alerted to the package, the DEA obtained a search warrant

---

[1] DEA Task Force Agent Mary Wiley swore to and signed the United States' Verified
Complaint under penalty of perjury in accordance with 28 U.S.C. § 1746.  The United States
subsequently offered Agent Wiley's sworn statement as evidence in support of its Motion for
Summary Judgment.  Although Claimant Huynh Pham initially denied portions of the Complaint,
the Complaint constitutes substantive evidence no different from a Declaration.  28 U.S.C. §
1746.

from the District Court of Jefferson County, Alabama, permitting a search of the package.  (*Id.,*
*Ex. A* ¶ 5(b).)  After agents opened the package, they discovered the Defendant $10,000 in United
States Currency, consisting of $100 bills and wrapped in foil.  (*Id., Ex. A* ¶ 5(c).)

The United States subsequently filed a forfeiture complaint against the Defendant
Currency, alleging that it was traceable to an exchange for a controlled substance or listed
chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*; and/or
was used or intended to be used to facilitate a violation of that act.  (Verified Compl. (Doc. 1) ¶
7.)  The United States claimed that the Defendant Currency was therefore subject to forfeiture
under 21 U.S.C. § 881(a)(6).  (*Id.*)

Claimant Huynh Pham later filed a formal claim to the Defendant Currency, stating that it
was not subject to forfeiture because it was meant to be used for a "legal business transaction."
(Claim Contesting Forfeiture (Doc. 2) ¶ 3.)  Claimant also filed an Answer to the complaint,
stating that he had insufficient information to admit or deny the United States' factual complaint
allegations concerning the tin foil and the drug dog sniff, and denying that the money was subject
to forfeiture as drug proceeds or facilitating property.  (Answer (Doc. 3) ¶¶ 5-7.)  In his Answer,
Claimant again asserted that the Defendant Currency was "furnished in a legal business
transaction."  (*Id.* ¶ 7.)

On January 28, 2010, the court ordered that the parties be allowed to take civil discovery
in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.  (Doc. 11.)
Also on January 28, the United States served written discovery–Requests for Admission,
Interrogatories, and Requests for Production–to Claimant by certified United States Mail.  (Doc.
12, *Ex. B* (Decl. Of Thomas Borton, Assistant United States Attorney ¶ 4 & Exs. 1-3).)

The United States' Requests for Admission asked Claimant to admit the following:

● Admit that you sent the Defendant Currency to Huy Tran via FedEx.

● Admit that the FedEx package that you sent to Huy Tran containing the Defendant Currency bore air bill number 8683 7180 8193.

● Admit that you wrapped the Defendant Currency in tin foil prior to sending it to Huy Tran via FedEx.

● Admit that you wrapped the Defendant Currency in tin foil prior to sending it to Huy Tran via FedEx in order to mask the currency's odor from drug-detection canines.

● Admit that the Defendant Currency was in close proximity with illegal narcotics immediately prior to the time that your [sic] shipped it to Huy Tran.

● Admit that you intended to use the Defendant Currency to facilitate an illegal narcotics transaction.

● Admit that the Defendant Currency represents proceeds of an illegal narcotics transaction.

● Admit that the Defendant Currency consisted of $100 bills amounting to $10,000.

(*Id., Ex. B* ¶ 5 & Ex. 1.)

Claimant's counsel signed the certified mail receipt on February 13, 2010, acknowledging receipt of the Requests for Admission and the other written discovery. (*Id., Ex. B* ¶ 6 & Ex. 4.) But Claimant never responded to any of the United States' written discovery, including the admission requests. (*Id., Ex. B* ¶ 7.)

The United States therefore moved for summary judgment on March 16. (Doc. 12.) In

3

its Motion, the United States argued that Claimant's failure to answer the Requests for

Admission meant that they were admitted.  (*Id.*)  According to the United States, these

admissions established undisputed material facts subjecting the Defendant Currency to forfeiture

under 21 U.S.C. § 881(a)(6).  (*Id.*)

Claimant did not respond to the United States' Motion for Summary Judgment.  Instead,

on April 12, he moved to withdraw his claim to the Defendant Currency.  (Doc. 15.)  The court

granted this motion in an Order dated April 13.

However, Claimant's answer (Doc. 3), which denies material facts alleged in the United

States' forfeiture complaint, remains.  The court will therefore consider the United States'

Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  Summary

judgment allows a trial court to decide cases when no genuine issues of material fact are present

and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a

district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering

evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)   In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  The moving party need not present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324.  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249-50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## CIVIL FORFEITURE – BURDEN OF PROOF

Civil forfeiture actions are governed by a collection of statutes known as the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). Under CAFRA, the United States can prevail on its motion for summary judgment in a civil forfeiture case by persuading the Court that the undisputed facts establish forfeitability by a preponderance of the evidence and that no claimant can prove any defenses to forfeiture. 18 U.S.C. § 983(c)(1); *United States v. 2000 Toyota Celica*, No. CV 04-3063 LRS, 2005 WL 1502902, at *4 (E.D. Wash. June 23, 2005). A fact is

6

demonstrated by a "preponderance of the evidence" if its existence is shown to be more probable than not. *Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

In this case, the United States has the burden of proving by a preponderance of the evidence that the Defendant Currency is traceable to or intended to facilitate an illegal drug deal. As discussed below, the United States has satisfied that burden. Therefore, summary judgment is appropriate.

**DISCUSSION**

**I.      The Requests For Admission**

Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection."

The Eleventh Circuit emphasized the gravity of failure to comply with Rule 36(a)(3) in *United States v. 2204 Barbara Lane*, 960 F.2d 126 (11th Cir. 1992). In *Barbara Lane*, the United States filed a civil forfeiture action against a piece of real property, alleging that the claimant had used it to facilitate cocaine trafficking. *Id.* at 128. As part of its discovery effort, the United States served requests for admission on the claimant's attorney. *Id.* The requests went directly to the heart of the matter by asking the claimant to admit that he had used the real property to facilitate cocaine trafficking. *Id.* The claimant did not respond to the requests, and the United States moved for summary judgment. *Id.* The district court granted the motion. *Id.* The Eleventh Circuit affirmed, finding that the claimant's failure to respond to the admission requests provided the undisputed material facts necessary to support summary judgment in the

United States' favor: "[Claimant] was free to timely answer or object to the requests [for admission] and proceed through discovery to trial, but his silence conclusively established the government's case." *Id.* at 130.

Additionally, several federal district courts have recently ordered summary judgment in civil forfeiture actions based on claimants' failure to respond to the United States' admission requests in a timely fashion. For instance, in *United States v. One 2007 Chevrolet Tahoe*, agents executing a search warrant found a film cannister containing a small amount of marijuana in the claimant's car. No. 7:09-CV-00038-BR, 2009 WL 4325389, at *1 (E.D.N.C. Nov. 24, 2009). The United States filed a civil forfeiture action against the car, and sent the claimant requests for admission asking him to admit that there was marijuana in the vehicle, that the marijuana belonged to him, and that he used the vehicle to transport marijuana. *Id.* at *1-*2. When the claimant did not respond, the United States moved for summary judgment. *See id.* at *1-*2. The court granted the motion, holding that the allegation that the vehicle was used to facilitate a drug offense was deemed admitted by the claimant's failure to respond to the admission requests, and that there was, therefore, no triable issue of fact. *Id.* at *2. *See also United States v. $15,000*, No. 07-2471-STA/tmp, 2008 WL 2402419, at *3 (W.D. Tenn. June 11, 2008) (claimant's failure to respond to request to admit that money was drug proceeds meant that the matter was admitted and summary judgment could be entered); *United States v. $10,000*, No. 8:07CV437, 2008 WL 1944562, *6 (D. Neb. Apr. 30, 2008) (when the only claimant fails to respond to request to admit that seized funds are drug proceeds, the essential allegation in the complaint is deemed admitted, and the United States is entitled to summary judgment); *United States v. $24,059*, No. CV06-2100-PHX-MHM, 2008 WL 249080, at *8 (D. Ariz. Jan. 28, 2008) (entering summary judgment

based on matters deemed admitted under Rule 36(a) when claimant failed to make any response to requests for admission until after the United States filed its summary judgment motion).

In this case, the United States undisputedly mailed its Requests for Admission to Claimant's counsel on January 28, 2010.  (Doc. 12, *Ex. B* ¶ 4 & Ex. 1.)  Under Federal Rule of Civil Procedure 5(b)(2)(C), service by mail is "complete upon mailing."  The United States therefore served its admission requests to Claimant via his attorney on January 28.

Claimant had 33 days from January 28, or until March 2, to respond to the admission requests.  This time limit included 30 days under Rule 36(a)(3) and, because the United States served the requests by mail, an additional three days under Rule 6(d).

Claimant failed to respond by March 2, and has not responded to this day.  (Doc. 12, *Ex. B* ¶ 7.)  Thus, he has admitted every admission request that the United States mailed to him. As set forth below, these admissions and Claimant's failure to respond to the United States' summary judgment motion subject the Defendant Currency to forfeiture.

## II.    **Forfeiture Of The Defendant Currency**

21 U.S.C. § 881(a)(6) makes illegal drug proceeds and facilitating property subject to forfeiture:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

By neglecting to deny the United States' Requests for Admission, Claimant admitted to

the following facts:

- That the Defendant Currency represents proceeds of an illegal narcotics transaction; and

- That Claimant intended to use the Defendant Currency to facilitate an illegal narcotics transaction.

(Doc. 12, *Ex. B* ¶ 5 & Ex. 1.)  Claimant admitted to these facts again by failing to respond to the United States' summary judgment motion.  Fed. R. Civ. P. 56(e)(2).

Thus, the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), because it represents proceeds traceable to an illegal drug deal, and because Claimant intended to use it to facilitate the same.

## CONCLUSION

The United States' Motion for Summary Judgment (Doc. 12) is due to be GRANTED because the undisputed facts, coupled with Claimant's admissions, establish that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).  The court will enter an Order to this effect contemporaneously with this Memorandum Opinion.

Dated this 26th day of April, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE